**Louis AQUINO and Aquino Sailcloth, Inc., Plaintiffs,**

v.

**Robert BAINBRIDGE et al., Defendants.**

**No. 74 Civ. 185.**

United States District Court,
S. D. New York,
Civil Division.

March 5, 1974.

————◆————

Morris Weissberg, New York City, for plaintiffs.

Hahn, Hessen, Margolis & Ryan, New York City by Marshall C. Berger, New York City, of counsel and Otterbourg, Steindler, Houston & Rosen, P. C., New York City by Frederic P. Houston, New York City, of counsel, for defendants.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Defendant Frank IX & Sons ("Bainbridge Defendant") moves to stay this action pending arbitration on the ground that arbitration of plaintiffs' claims is compulsory under the terms of a contract entered into between plaintiffs ("Aquino") and Defendant.

The arbitration clause contained in the contract is a broad one, providing, inter alia:

> "Any controversy or claim arising under or in relation to this order or contract, or any modification thereof, shall be settled by arbitration."

The question presented is whether the claim here is one "arising under or in relation to" the contract between the parties.

Simply stated, Aquino's claim is that certain sailcloth specifications[1] created by Aquino for its exclusive use and divulged by Aquino to Defendant to enable it to manufacture the sailcloth for Aquino, have been wrongfully misappropriated by Defendant and used to manufacture sailcloth for a competitor.

The contract between the parties provided that about 44,000 yards of dacron taffeta were to be manufactured by Defendant for Aquino, in accordance with the specifications—printed on the face of the agreement—that plaintiff here alleges have been misappropriated. Those specifications are stated as follows:

Quality:   1   9296
Dacron Taffeta
Reed Width 46.25 inches
Count 74 ends in Reed X 70 picks off
Warp and filling 220 denier bright high
           tenacity dacron 5 turns
Fiber content polyester dacron 100%

Defendant's argument for arbitrability is essentially that plaintiffs' claim is one "arising under or in relation to"

---

1. For the sake of clarity we use the word "specifications" throughout instead of the word "constructions" used by the parties, evidently a term of art in the trade.

this contract, because but for the contractual arrangement between the parties, the claim could not have arisen. In other words, had plaintiffs never ordered the sailcloth from Defendant, the claim of misappropriation could not exist because Defendant would never have had an opportunity to misappropriate.

The Court of Appeals in Necchi v. Necchi Sewing Machine Sales Corp. (2d Cir. 1965) 348 F.2d 693, has specifically rejected an argument similar to the one here urged by Defendant. The court there stated (at 698):

"It is undoubtedly true that many of the matters referred to in items 1, 2, 3, 6, 7 and 9 would not have arisen if the exclusive distributorship arrangement had never existed between [the parties]. But this is not sufficient to render them arbitrable within the specific meaning of the arbitration clause * * *, which requires that the matter arise out of or in connection with that agreement rather than the working relationship between the parties."

IX seeks to distinguish *Necchi* on the ground that there the parties had agreed to arbitrate only matters arising out of or *"in connection with"* the contract, while here the parties have agreed to arbitrate any matter arising "in relation to" their contract. Defendant contends that the latter language requires a looser nexus than that required in *Necchi*. We believe this to be a semantic distinction without any significance.[2]

Nothing contained in the contract has the slightest bearing on the extent to which plaintiffs' sailcloth specifications were intended to be kept confidential and used exclusively for plaintiff's benefit. Its only relevance to the issues presumably to be litigated here is that it served as the means of conveying the nature of the specifications to Defendant. We find no relationship between the contract and the claim. Motion denied.

It is so ordered.

2. We note that the Court in *Necchi* held arbitrable items 4 and 5 "for they directly re-*late* to certain provisions in the agreement," 348 F.2d at 697. (emphasis added)